2020 IL App (2d) 180526-U
No. 2-18-0526
Order filed December 22, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 97-CF-1081 |
| MARVIN WILLIAMS, | ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court erred in denying defendant's motion for leave to file a successive postconviction petition where defendant made a *prima facie* showing of cause and prejudice based on a new principle of constitutional law requiring the trial court to consider a defendant's youth and its attendant characteristics before imposing a life sentence.

¶ 2    Defendant, Marvin Williams, appeals from the judgment of the circuit court of Winnebago County denying his motion for leave to file a successive postconviction petition. Because defendant sufficiently alleged both cause and prejudice for having not raised previously his constitutional challenges to his life sentence, we reverse and remand.

¶ 3                                I. BACKGROUND

¶ 4       Defendant was convicted following a jury trial of two counts of first-degree murder (720 ILCS 5/9-1(a)(3) (West 1996)) based on the shooting deaths of two victims. He was sentenced to life imprisonment without parole.[1] On direct appeal, he raised three issues unrelated to his sentence, and we affirmed. See *People v. Williams*, 313 Ill. App. 3d 849 (2000). Thereafter, defendant filed several collateral challenges, including a postconviction petition which was summarily dismissed, and we affirmed (see *People v. Williams*, No. 2-01-0868 (2003) (unpublished summary order under Supreme Court Rule 23(c))), and a motion for leave to file a successive postconviction petition which was denied, and we affirmed (see *People v. Williams*, 2012 IL App (2d) 110539-U).

¶ 5       On January 6, 2017, defendant filed a motion for leave to file a successive postconviction petition. In that motion, defendant alleged that his life sentence violated both the eighth amendment to the United States Constitution and the proportionate-penalties clause of the Illinois Constitution (Ill. Const., 1970, art. I, § 11). He alleged specifically that a new substantive constitutional rule was adopted in recent years that required a trial court to first consider a defendant's youth and its attendant characteristics before imposing a life sentence. As for cause for not raising the issue sooner, defendant alleged that not until 2016, in *Montgomery v. Louisiana*,

---

[1] The trial court overlooked that a life sentence for defendant was mandatory because he murdered two individuals (730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1996)); instead, the court made a finding that a discretionary life sentence was warranted because the offenses exhibited exceptionally brutal and heinous behavior indicative of wanton cruelty (see 730 ILCS 5/5-5-3.2)(b)(2) (West 1996)).

577 U.S. ____, 136 S. Ct. 718 (2016), did the United States Supreme Court apply the new substantive rule retroactively to state collateral proceedings. Regarding prejudice, defendant alleged that there was a reasonable probability that, under the new rule, his case would have resulted in a lesser sentence. Defendant included with his motion (1) his proposed successive petition; (2) his affidavit detailing his upbringing, personal trauma, gang influence, and rehabilitative progress while in prison, (3) the presentence investigation report (PSI) from the underlying case, (4) a psychological assessment, and (5) several articles about recent sentencing reforms related to youthful offenders.

¶ 6    The trial court found that defendant's pleadings did not allege a claim of actual innocence or demonstrate cause or prejudice. The court did not elaborate on its ruling. The court denied defendant's motion to reconsider, and defendant filed this timely appeal.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, defendant contends that he alleged sufficient cause and prejudice to be allowed to file his successive postconviction petition. To that end, he asserts that he (1) alleged cause for not challenging his life sentence sooner, because the Supreme Court only recently allowed such sentencing challenges to be made retroactively in collateral proceedings; and (2) alleged prejudice, because consideration of his youth and its attendant characteristics would likely result in a sentence of less than life.

¶ 9    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.*(West 2016)) offers a procedural device by which a criminal defendant may assert that his conviction was based on a substantial denial of his rights under the federal or state constitutions or both. 725 ILCS 5/122-1(a)(1) (West 2016). Proceedings on a postconviction petition are collateral to proceedings in a direct appeal and focus on constitutional claims that have not and could not have been previously

adjudicated. *People v. Holman*, 2017 IL 120655, ¶ 25. The Act contemplates the filing of a single petition. 725 ILCS 5/122-3 (West 2016). Because successive petitions impede the finality of criminal litigation, the statutory bar to multiple petitions will be relaxed only when fundamental fairness so requires. *Holman*, 2017 IL 120655, ¶ 25.

¶ 10    Generally, there are two instances that qualify: when a defendant raises a claim of actual innocence or when he satisfies the cause-and-prejudice test. *Holman*, 2017 IL 120655, ¶ 26. To establish cause, a defendant must show some objective factor external to the defense that impeded his ability to raise the claim in the initial postconviction proceeding. *Holman*, 2017 IL 120655, ¶ 26. To establish prejudice, a defendant must show that the claimed constitutional error so infected the proceeding that the result violated due process. *Holman*, 2017 IL 120655, ¶ 26. In considering a motion for leave to file a successive postconviction petition, the trial court conducts a preliminary screening to determine whether the motion adequately alleges facts that make a *prima facie* showing of cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. Because there is no provision for an evidentiary hearing on the cause-and-prejudice issue, the determination is based only on the pleadings and supporting documents submitted by defendant and is made before the first stage of postconviction proceedings. *Bailey*, 2017 IL 121450, ¶¶ 23-24. The State is not permitted to participate at the cause-and-prejudice stage. *Bailey*, 2017 IL 121450, ¶ 24. We review *de novo* the denial of leave to file a successive petition. *Bailey*, 2017 IL 121450, ¶ 13.

¶ 11    We first address whether defendant alleged adequate cause for not raising in a previous petition his constitutional challenges to his life sentence. He did.

¶ 12    Defendant's eighth amendment claim depends in large part on *Miller v. Alabama*, 567 U.S. 460 (2012). However, that decision was not given retroactive application to state collateral proceedings until the Supreme Court's decision in *Montgomery*. Thus, there was an objective

factor external to the defense that impeded defendant's ability to raise the claim any earlier. See *People v. Lusby*, 2020 IL 124046, ¶ 30 (*Miller*'s new substantive rule constitutes cause for successive petition). Similarly, defendant's proportionate-penalties-clause claim could not have been raised in a previous petition, because it too is premised in significant part on *Miller*. Thus, defendant has established a *prima facie* showing of cause for filing a successive postconviction petition.

¶ 13    We note that the State suggests that defendant has not established cause, because his claim is essentially one of excessive sentencing, which could have been raised on direct appeal. We disagree.

¶ 14    As discussed, defendant could not have raised his constitutional challenge to his sentence until *Miller* was made retroactive. Of course, that did not occur until long after we disposed of his direct appeal. Because defendant's constitutional challenge to his life sentence was other than a mere excessive-sentence claim and was not yet available when he was sentenced, he could not have raised it on direct appeal.

¶ 15    We turn next to whether defendant alleged prejudice sufficient to allow him to file a successive petition. He did.

¶ 16    In addressing whether defendant alleged prejudice, we reiterate that he was required to allege only a *prima facie* showing of prejudice. Whether a defendant has made that showing is determined only from his pleadings and supporting documents. *Bailey*, 2017 IL 121450, ¶ 24. The trial court should deny the motion for leave to file a successive petition only when it is clear from a review of the pleadings and supporting documents that defendant's claims fail as a matter of law or where the successive petition and its supporting documents are insufficient to justify further proceedings. *Bailey*, 2017 IL 121450, ¶ 21.

¶ 17    Here, defendant brought in his petition an as-applied eighth-amendment challenge to his sentence, as well as a challenge under the proportionate-penalties clause of our state constitution. In doing so, he asserted that, although he was 19 years old when he committed the offense, his sentence is constitutionally infirm because the trial court failed to consider his youth and its attendant characteristics before imposing a life sentence. See *Holman*, 2017 IL 120655, ¶ 37 (citing *Miller*, 567 U.S. at 489). Of course, to establish prejudice in that regard, defendant must show is that the claimed error denied him due process.[2]

¶ 18    Undoubtedly, at this preliminary stage of the proceedings, defendant has made a *prima facie* showing of prejudice. In support of his motion, he included his affidavit, in which he averred to numerous issues with his upbringing, trauma involving his mother's death, gang influences on his life, and his rehabilitative progress in prison. Further, he submitted the PSI, a psychological assessment, and numerous articles regarding criminal justice reform of youthful offenders. Although ultimately defendant might not be able to establish his constitutional claims, he need not do so at this preliminary stage of the proceeding. He has made the required *prima facie* showing to allow him to file his successive postconviction petition.

---

[2] We note that the State, relying on *People v. Suggs*, 2020 IL App (2d) 170632, contends that the *Miller* analysis does not apply to "this adult defendant." However, *Suggs* noted that *Miller* did not apply to a 23-year-old defendant. *Suggs*, 2020 IL App (2d) 170632, ¶¶ 33-35. In doing so, this court recognized that *Miller* has been extended to young adults between the ages of 18 and 21. *Suggs*, 2020 IL App (2d) 170632, ¶ 33. Thus, *Suggs* does not preclude application of *Miller* to this 19-year-old defendant.

¶ 19    The State contends, however, that, because the trial court considered defendant's age when it sentenced him, the record from the sentencing hearing defeats his claims as a matter of law. We disagree.

¶ 20    In *Holman*, our supreme court, in applying *Miller* retroactively, held that a sentence that predated *Miller* might be constitutionally valid if the trial court considered evidence and argument related to the *Miller* factors. *Lusby*, 2020 IL 124046, ¶ 35 (citing *Holman*, 2017 IL 120655, ¶ 47). The *Miller* factors, set out in *Holman*, were designed to determine whether a juvenile defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation such that the defendant could be sentenced to life without parole. *Holman*, 2017 IL 120655, ¶ 46. The court may make that determination only after considering the defendant's youth and its attendant characteristics. *Holman*, 2017 IL 120655, ¶ 46. Those characteristics include, but are not limited to, the following factors: (1) the defendant's chronological age at the time of the offense and any evidence of his particular immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the juvenile defendant's family and home environment; (3) the juvenile defendant's degree of participation in the homicide and any evidence of familial or peer pressures that may have affected him: (4) the juvenile defendant's incompetence, including his inability to deal with police officers or prosecutors and his incapacity to assist his own attorney; and (5) the juvenile defendant's prospects for rehabilitation. *Holman*, 2017 IL 120655, ¶ 46.

¶ 21    Here, when the trial court imposed the life sentence without parole, it noted the various factors that it considered. In doing so, the court clearly emphasized defendant's conduct related to the offense. It also pointed to defendant's lengthy criminal history, his conduct during the trial, and his behavior in jail. Thus, the court found that defendant was "one of the most dangerous

antisocial individuals who has appeared before [it]" and was "without social redeeming value." Although those considerations are among the *Miller* factors, the court never mentioned other *Miller* factors such as defendant's young age, his family and home environment, his possible immaturity, impetuosity, or failure to appreciate the risks and consequences of his actions, or his rehabilitative potential. Indeed, the court never commented on defendant's youth or any of its attendant characteristics. Accordingly, we cannot determine on the record that, in sentencing defendant, the court found that his youth and its attendant characteristics justified a sentence of life in prison. Thus, defendant must be given the opportunity to file his successive postconviction petition alleging that his life sentence, without proper consideration of his youth and its attendant characteristics, violated either the eighth amendment of the federal constitution or the proportionate-penalties clause of our state constitution.

¶ 22                                  III. CONCLUSION

¶ 23    For the reasons stated, we reverse the judgment of the circuit court of Winnebago County and remand for further proceedings.

¶ 24    Reversed and remanded.